JOHNSON WHOLESALE PERFUME CO., INC. *vs.*
LEO E. BLUMEN.

DECEMBER 8, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Condon, J. This is a bill in equity for an injunction. It was heard in the superior court on bill, answer, replication and proof, and a decree was duly entered as prayed for by the complainant. From this decree, entered January 30, 1939, the respondent has appealed to this court. He filed his claim of appeal in the superior court on January 31, 1939. On April 24, 1939, he moved in this court to assign the appeal for hearing. On May 1, 1939, on this motion, the appeal was assigned for hearing to October 2, 1939.

On September 12, 1939, the complainant moved in this court to dismiss respondent's appeal, on the ground that it presented "only a moot or academic question, the determination of which is not necessary at this time." On October 2, 1939, this motion was heard at the request of both parties, and the consideration of the appeal was continued to await the ruling on the motion. The parties were granted permission to file written briefs on certain questions brought out on oral argument, and these briefs were filed in this court on October 23 and 25, 1939.

The complainant is the owner of a so-called "cut rate drug store", in the city of Providence. On January 11, 1937, it entered into an employment agreement in writing with the respondent, whereby the respondent was hired at a stipulated weekly wage to work in its store and whereby respondent agreed that "on the termination of his employment irrespective of the manner, time and cause of the termination of said employment," he would not in any manner, directly or indirectly, for a period of eighteen months from the time of the termination of his employment with the

complainant, become interested in or work in a store selling a line of products similar to those of the complainant.

On February 1, 1938, the complainant terminated the employment of the respondent. Shortly thereafter the respondent entered the employ of "Carroll Cut Rate Perfumer" in a store in the city of Providence. This store was admittedly similar to the complainant's store in the character of its merchandise and its merchandising methods.

On July 11, 1938, the complainant brought its bill of complaint in the superior court, in which it alleged, in substance, that the respondent was violating the terms of his agreement with it by taking employment at the Carroll store. After a hearing on the bill and respondent's answer, the superior court granted the relief prayed for by the complainant and entered its decree, enjoining the respondent for a period of eighteen months from and after February 1, 1938, from engaging or being employed in the business of so-called "Cut rate drug stores" in Providence and other cities where the complainant operated stores on February 1, 1938.

The decree further ordered that, in the event that the respondent claimed and perfected an appeal to this court, this injunction was to remain in full force pending such appeal. The respondent remained under this injunction throughout its full period, until it expired on August 1, 1939. He made no request to this court upon the entry of his appeal here for a modification or an annulment of·this order as is permitted under the provisions of general laws 1938, chapter 544, §1; neither did he ask the superior court to require complainant, pending the appeal, to give security for damages which respondent might suffer if the decree granting an injunction were later held erroneous by this court.

On this motion to dismiss respondent's appeal, we are not concerned with the merits of the cause. Whether the contract of employment was a valid one or whether, by its terms, it was void as against public policy or because it violated

the constitutional rights of the respondent to earn a livelihood, we do not inquire. The motion raises only one issue: Is there under the circumstances of this case a justiciable question now pending which entitled the respondent to have his appeal heard and determined? We think there is not.

That the respondent is aggrieved by the action of the superior court is not alone sufficient to entitle him to a review of that court's action. There must be an existing right in controversy between him and the complainant upon which the judgment of this court, on the appeal, will operate. "To have any force" the appeal "must carry to the court of review a justiciable question upon which an effective determination may be made." *Greene* v. *Willis*, 47 R. I. 251. Whether or not the respondent should have been enjoined from following his occupation was no longer a justiciable question in the instant cause after August 1, 1939. It then became a purely academic one. Thereafter the respondent was no longer deprived of his right to work at his usual employment and the complainant no longer had a right to urge that the respondent be enjoined from such employment under his contract.

Clearly in such a case an appeal should be dismissed. *Johnson-Kennedy Radio Corp.* v. *Chicago Bears F. Club*, (7th Cir.) 97 Fed. 223. This is the general view and there would seem to be no contrary one. 4 C. J. S. 1951, §1354 c. However, there are certain exceptions to this view, and the question arose on the argument in the instant cause whether or not it would fall within one of the well-recognized exceptions by reason of the facts that this respondent had, by force of the superior court's injunction, long been deprived of the right to follow his regular employment and that, if such injunction should be held by this court to have been erroneously granted, the respondent would have an action of damages against the complainant for such wrongful injunction. This view presupposes that a right of action would

lie and, if it were the correct view, there would be force in the argument that the appeal should be heard and determined, notwithstanding the expiration of the period of time within which the injunction was operative. But such a view is incorrect.

There is no liability at common law for damages suffered by reason of an injunction erroneously granted, unless suit was maliciously brought. *Yonkers* v. *Federal Sugar Refining Co.*, 221 N. Y. 206, 116 N. E. 998. In that case *Cardozo, J.*, as a reason for this rule stated that: "Public policy was thought to demand that the free pursuit of remedies in the courts should not be obstructed by the menace of liability for innocent mistake." The supreme court of the United States has said that "damage arising from the act of the court itself is *damnum absque injuria*, for which there is no redress except a decree for the costs of the suit, or, in a proper case, an action for malicious prosecution." *Russell* v. *Farley*, 105 U. S. 433, 438. These are typical of practically all the cases which hold that, in the absence of a bond or undertaking for damages or a judgment for costs, there is no liability when an injunction has been improvidently issued. 32 C. J. 434, §744.

In the instant cause, as stated above, the complainant was not required to give bond and it did not move for costs. Hence there is no right on either of those grounds to be determined by this appeal. Any claim that the respondent might make that, if he were successful on his appeal here, he could move for his costs, would not be a ground for entertaining the appeal, as it has been held that an appeal does not lie from a decree in equity as to costs merely, since, in such a case, costs are in the discretion of the court. *Glendale Elastic Fabrics Co.* v. *Smith*, 100 U. S. 110. See also *Wingert* v. *First National Bank of Hagerstown*, 223 U. S. 670.

The respondent more or less admits that the question raised by the appeal appears to be moot upon its face but he

contends that, in reality, it is not. He bases this contention upon the ground that the dismissal of the appeal will result in the decree entered below becoming absolutely final and thereby precluding him from prosecuting against the complainant a suit for malicious prosecution, which he claims he would have the right to prosecute if his appeal is sustained and the decree of the superior court is reversed as erroneous. In making this contention he relies upon the following statement in 4 C. J. S. 1951, §1354: "If the right in controversy has expired by lapse of the period of time fixed for its continuance, the appeal will be dismissed. It is otherwise, however, if the right is a continuing one or interests of a public character are asserted under conditions that may be immediately repeated, or there remains some question not affected by the lapse of time."

He seeks to bring this case within one of the exceptions to the general rule there stated, but he does not point out specifically the exception under which he deems the case to fall. He argues generally that the bringing of the instant bill of complaint and the prosecution of two criminal complaints by the complainant against the respondent in the district court of the sixth judicial district, taken together, constituted malicious prosecution of the respondent, or would afford ground for a suit for malicious prosecution if the decree of the superior court in the instant cause is found on appeal to be erroneous.

The criminal complaints which were brought against the respondent in the district court are not involved in the instant cause. The respondent's attempt to make them an issue by referring to them in his answer was unsuccessful, as the superior court, on motion of the complainant, struck out that portion of the answer as impertinent and scandalous. No objection to this ruling of the superior court is available to the respondent here, as he has stated no such objection in his reasons of appeal. This left in the cause

to be decided only the narrow issue raised by the bill, answer and proof. On the case as thereby presented to the superior court there was no possible basis upon which to build a suit for malicious prosecution even if the decree of the superior court were found to be erroneous.

Nowhere does respondent show that any element of malice or bad faith actuated the complainant in bringing his bill of complaint. If he desired this cause, which on its face clearly appears to be moot, to be considered here because there remained some question not affected by lapse of time, it was his duty to present it at the hearing in the superior court so that it might appear in the record on appeal before this court. He has not done this. There is nothing in the record before us that suggests malice or bad faith on the part of the complainant. On its face the bill of complaint appears to present a clear question of law as to the validity of a certain contract of employment entered into between the complainant and the respondent, and also as to the right of the complainant, because of the breach of a certain provision of that contract, to have the respondent enjoined from continuing such breach.

The respondent, in his answer, sought to reply to allegations of the complainant. Except for the impertinent matter which was expunged, there was a full and fair hearing on the bill, answer and proof before the superior court. The trial justice decided for the complainant. If he committed error in doing so, there is nothing in the record which shows that he was led thereto by any act of malice or bad faith on the part of the complainant. Therefore, in this state of the record, whether the decree of the superior court was reversed or affirmed, the position of the respondent would be the same.

For the reasons stated, the complainant's motion to dismiss is granted, and the respondent's appeal is accordingly dismissed. The cause is remanded to the superior court.

*Perkins, Higgins & McCabe, James A. Higgins,* for complainant.

*McKiernan, McElroy & Going, Peter W. McKiernan, John C. Going,* for respondent.