225 A.2d 521.

George A. Lamb *et al. vs.* Albert Perry *et al.*

JANUARY 13, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These proceedings were commenced in the superior court under the purported authority of the uniform declaratory judgments act, G. L. 1956, chap. 30 of title 9.

The plaintiffs, twelve in number, are all taxpayers and residents of East Providence and as such assert status to be heard on the questions propounded for the consideration of the court. In addition two of them are members of the

city council and they assert status as representatives of their constituents.

The petition joins as defendants the other three members of the city council including the presiding officer thereof who as such serves as mayor, the director of personnel, the three members of the personnel board and the acting city manager.

It appears from the pleadings that at a meeting held July 26, 1965 defendant members of the city council voted affirmatively while plaintiff members of the council voted negatively on the adoption of an ordinance in amendment of and in addition to an ordinance entitled "Civil Service System." The amendment purportedly created a department of personnel.

The pleadings recite in detail the procedures followed by the majority at the July 26 meeting as well as three prior related meetings, set forth provisions of the city charter relating to the holding of council meetings, and specify provisions of the city charter which are in apparent conflict with the terms of the purportedly adopted ordinance as it relates to the jurisdiction of the personnel department. A certified copy of the challenged ordinance is included in the pleadings.

The petition then prays that the superior court declare and determine the answers to nine questions.

Under the then prevailing practice defendants demurred, but when the cause was heard March 14, 1966 the trial justice, acting under the Rules of Civil Procedure adopted January 10, 1966, treated the demurrer as a motion to dismiss under rule 12(b) of the new rules, granted defendants' motion, and entered judgment accordingly. The case is before us on plaintiffs' appeal therefrom.

Although nine specific questions are propounded by plaintiffs, the trial justice in his decision accurately and concisely compressed them into three categories which we adopt, namely:

Is the amended ordinance violative of art. XXVIII of amendments to the Rhode Island constitution in that it purports to amend the city charter by means other than those authorized by the constitution?

Is the amended ordinance an unlawful usurpation of the powers of the city manager as set forth in the city charter?

Was the conduct of the majority members and mayor to which resort was had in purportedly adopting the amendment to the Civil Service System ordinance violative of requirements set forth in the city charter?

Citing *O'Brien* v. *Board of Aldermen,* 18 R. I. 113, *McCarthy* v. *McAloon,* 79 R. I. 55, and *Smith* v. *Brock,* 83 R. I. 432, the trial justice correctly observed that the instant plaintiffs asserting no distinct personal legal interest different from that of the public at large could not maintain the present action unless some new right had been conferred by the enactment of the declaratory judgments act. See also *Demers* v. *Shehab,* 101 R. I. 417, 224 A.2d 380. The question before him then, he reasoned, was whether by the terms of the act the court had been vested with a jurisdiction not heretofore known.

Reviewing *Moore* v. *Langton,* 92 R. I. 141, *Sweeney* v. *Notte,* 95 R. I. 68, *In Re City of Warwick,* 97 R. I. 294, 197 A.2d 287, and several other cases which were brought under the declaratory judgments act, he concluded that the instant plaintiffs were without standing and in our judgment properly granted the motion to dismiss.

We take this occasion to comment on the motivation of this court in answering the questions certified in *Moore* v. *Langton* and *Sweeney* v. *Notte, supra.* Notwithstanding reservations as to the status of the respective plaintiffs and doubts as to whether those cases were properly before us procedurally, we nevertheless assumed jurisdiction because of overriding serious substantive questions being of immediate and compelling public interests. See *State ex rel.*

*Miller* v. *State Board of Education,* 56 Idaho 210, and *Petition of Steelton School District,* 31 Dauph. 75 (Pa.).

However, apart from a relatively few instances when compelling public interest makes for an exception to the rule, the authorities all agree that a justiciable controversy between the parties is basic to the court's jurisdiction. *Saline Branch Drainage District* v. *Urbana-Champaign Sanitary District,* 399 Ill. 189; *Town of South Charleston* v. *Board of Education,* 132 W. Va. 77; *Povey* v. *School Committee of Medford,* 333 Mass. 70; *McGee* v. *Dunnigan,* 138 Conn. 263. Furthermore the controversy must be actual and present a case for the consideration of the court wherein the plaintiff is asserting some legal or property right adverse to the defendant. *McGee* v. *Dunnigan, supra; Alsop* v. *Pierce,* 155 Fla. 185.

In the last-cited case, for example, the court held that the plaintiff mayor in seeking a declaration of his rights, status or other legal relations under the municipality's charter provision relating to regulation of the police department presented a justiciable controversy when he alleged that the city commissioners were encroaching upon his powers and hampering him in the discharge of his duties by asserting authority contrary to the provisions of the charter on which the mayor relied.

Thus the statute is not intended to serve as a forum for the determination of abstract questions or the rendering of advisory opinions. *City of Flint* v. *Consumers Power Co.,* 290 Mich. 305.

That this is so is readily apparent from the provisions of the statute relating to the scope of relief that the statute was enacted to provide. General laws 1956, §9-30-1, entitled "Scope" reads as follows:

"The superior court upon petition, following such procedure as the court by general or special rules may prescribe, shall have power to declare rights, status, and other legal relations whether or not further relief

is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

Section 9-30-2 provides: "Any person * * * whose rights, status or other legal relations are affected by a statute, municipal ordinance * * * may have determined any question of construction or validity arising under the * * * statute, ordinance, * * * and obtain a declaration of rights, status or other legal relations thereunder."

In the instant case all twelve plaintiffs as taxpayers and residents of East Providence have no right, status or other legal relations affected by the amended ordinance, except that which they share in common with all other taxpayers and residents of the city. As such they raise no justiciable controversy. *Saline Branch Drainage District* v. *Urbana-Champaign Sanitary District, supra.*

Indeed the instant plaintiffs are in the anomalous position of joining as codefendants the true adversaries to a justiciable controversy regarding the amended ordinance, namely, the acting city manager and the members of the newly-created department of personnel. The amended ordinance, plaintiffs allege in their petition, usurps powers of the city manager vested in him by the terms of the city charter in favor of the department of personnel created by the amended ordinance.

The plaintiffs Lamb and Marso in their capacities as members of the city council, however, argue in effect that they are entitled under the declaratory judgments act to have their rights, status and legal relations declared with regard to the alleged conduct of the defendant councilmen in ignoring council rules and provisions of the city charter governing the conduct of meetings. Assuming that this were the case, the short answer is that with the purported

adoption of the amended ordinance this controversy became moot. See *City of Milwaukee* v. *Milwaukee County*, 256 Wis. 580.

The thrust of the plaintiff councilmen's argument in this regard goes not to their rights, status or other legal relations under the city charter but rather to the past conduct of the defendant councilmen and as such is a question to be directed not to the courts but to the electorate.

For these reasons the appeal of the plaintiffs is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the superior court for further proceedings.

*Sarkis Tatarian, Joseph T. Little,* for plaintiffs.

*F. Thomas O'Halloran,* City Solicitor, for the City of East Providence.