283 A.2d 676.

NATALIE M. ANDERSON *et al. vs.* ISIDORE KIRSHENBAUM.

NOVEMBER 15, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This complaint was brought to enjoin the defendant, Isidore Kirshenbaum, Esq., a member of the Rhode Island Bar, from attaching the interests of one

Robert Anderson in certain real estate owned jointly by said Robert Anderson and his estranged wife, Natalie M. Anderson, one of the plaintiffs here. This action was instituted on January 18, 1971, and hearing on preliminary injunction was held on January 26, 1971. As a result thereof a justice of the Superior Court granted a preliminary injunction restraining the defendant from attaching said real estate.

The court is well aware that the Andersons have been engaged in extended litigation in the courts and that defendant represented the husband, Robert Anderson, in these matters. On January 4, 1971, defendant in the Family Court moved to enjoin the Administrator of that court from transferring funds held by him as such Addimistrator to plaintiff here in order to permit him to impose an attorney's lien upon such funds for services he had rendered to the husband, Robert Anderson. At that time a justice of the Family Court restrained any further distribution of the funds held by the Administrator and also enjoined temporarily the imposition of an attorney's lien on such funds by defendant.

On January 18, 1971, plaintiffs in this action filed this complaint, seeking to enjoin defendant from attaching the interests of Robert Anderson in land owned jointly by his estranged wife and himself, on which land the family domicile stood. On January 26, 1971, preliminary injunction was granted, restraining defendant from attaching the real estate in question without prior permission of the Superior Court.

Because we are persuaded that the issue raised in this action is moot and that the appeal should, therefore, be denied and dismissed, we feel it appropriate that some disclosure be made of our reasons for reaching that conclusion. It appears that sometime prior to the commencement of the instant action plaintiff, Natalie M. Anderson, insti-

tuted a partition proceeding against her estranged husband, Civil Action No. 70-302, in the Superior Court for the County of Kent, calling for the partition of a parcel of real estate upon which it was assumed that the family home stood. Subsequently, Charles J. McGovern, Esq., of the Rhode Island Bar, was on January 21, 1971, appointed commissioner to execute a decree attached to said commission by making a partition of the real estate described. The commissioner found a buyer, and on March 18, 1971, a sale as proposed in the petition was approved.

However, a subsequent survey disclosed that the house stood in part upon an adjacent parcel also owned jointly by Natalie M. and Robert Anderson. Because of this another partition proceeding was instituted by Natalie, Civil Action No. 71-142, to the end that both parcels could be sold. Mr. McGovern was appointed commissioner in the second action on May 20, 1971, and the description of the property to be partitioned was amended. Thereafter, on August 11, 1971, pursuant to the decrees in the partition suits the commissioner completed the sale of the parcel in each case, and on September 20, 1971, a judgment was entered in each case approving the doings of the commissioner and authorizing a disbursement of the funds. All funds were then disbursed by checks dated October 1, 1971, pursuant to the judgments entered in the two actions on September 20, 1971.

It is clear, then, that the real estate that is the subject matter of the instant case has been conveyed by the commissioner acting pursuant to the decree for partition ordered by the court in each of the partition suits. Consequently, Robert Anderson has no right, title, and interest in the land, joint or otherwise, that would be subject to attachment by the defendant were he to prevail on the instant appeal. We are constrained, then, as we have al-

ready noted, to hold that the issue raised in this case is moot.

The appeal of the defendant is denied and dismissed, and the cause is remanded to the Superior Court for further appropriate proceedings.

*Abedon, Michaelson, Stanzler & Biener, Milton Stanzler, Richard A. Skolnik,* for plaintiffs.

*Alfred Factor,* for defendant.