296 A.2d 466.

TOWN OF SCITUATE *et al. vs.* SCITUATE TEACHERS' ASSOCIATION *et al.*

NOVEMBER 6, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. The plaintiffs have appealed to this court from a Superior Court judgment denying and dismissing their action for a declaratory judgment. After the case was docketed here the defendants moved to dismiss on the ground of mootness. We denied that motion without prejudice to their right to renew at the hearing on the merits. *Town of Scituate* v. *Scituate Teachers' Ass'n,* 110 R. I. 916, 292 A.2d 242 (1972). At that hearing the motion was renewed and is now granted.

The facts giving rise to this case may be briefly stated. On April 16, 1970 the Scituate Teachers' Association, bargaining agent for all certified teachers in that town's public school system, and the School Committee of the Town of Scituate entered into a collective bargaining agreement setting forth the terms and conditions of employment for the town's teachers for the two-year period commencing September 1, 1970 and terminating August 31, 1972. Insofar as here pertinent that agreement provided that salaries for the second year of the contract (September 1, 1971 - August 3, 1972) were subject to renegotiation. Pursuant thereto, and following several bargaining sessions, the parties on March 15, 1971, orally agreed to a revised salary schedule for the school year 1971-72.

Less than a month thereafter the school committee presented the financial town meeting with a proposed operating budget for the ensuing fiscal year. It was prepared on a line, or itemized, basis and, if approved, would have permitted implementation of the new salary schedule. Though both the school committee and the town council recommended its approval, the financial town meeting ignored those recommendations. Without discussing the possible deleterious effect of nonapproval on the town's educational system, it cut the proposed budget by $110,-000.

Under our law the expenditure of the appropriation was within the school committee's sole and exclusive jurisdiction. *Dawson* v. *Clark,* 93 R. I. 457, 176 A.2d 732 (1962); *Bailey* v. *Duffy,* 45 R. I. 304, 121 A. 129 (1923); *Times Publishing Co.* v. *White,* 23 R. I. 334, 50 A. 383 (1901). By reason of the nonacceptance of its proposed budget, however, the school committee was faced with a dilemma. On the one hand, it could have satisfied its contractual obligations to the school teachers under the revised salary schedule, but only by eliminating other budgeted services. That elimination, the trial justice found — and his finding is not challenged — would have been "* * * detrimental to the educational interests of the students and pupils of the Town of Scituate in the public school system." On the other hand, those "educational interests" could not be met in full unless the revised salary agreement was repudiated.

One possible solution was the reopening of salary negotiations, but the association refused to bargain any further on that issue, and instead requested the committee to reduce to writing the March 15 oral agreement on salary revisions. The committee refused. Thereupon the association complained to the State Labor Relations Board that

the committee's refusal constituted an unfair labor practice under G. L. 1956 (1968 Reenactment) §28-9.3-4.[1]

After a formal hearing, the board found the school committee guilty of an unfair labor practice, and ordered it to execute a written contract embodying the provisions of the oral agreement with respect to salary revisions. Thereupon the committee commenced this civil action in the Superior Court in which it asks for a judicial declaration of whether the collective bargaining agreement was binding upon the town in all events, irrespective of whether or not the financial town meeting provided it with the wherewithal to meet its contractual commitments to the teachers as well as to maintain proper educational standards.

On the legal issue thus raised, the parties differ on whether the failure to appropriate the requested funds created a supervening impossibility which excused the committee's performance of its new undertaking with respect to teachers' salaries. The trial justice had no doubts about that question. In a bench decision he made quite clear his opinion that the collective bargaining process contemplated by the School Teachers' Arbitration Act would be useless if the body charged with appropriating funds were free to ignore the existence of a valid agreement fairly reached at the

---

[1]We do not reach the question of whether refusal to execute a contract embodying the terms and conditions of an arbitrator's decision constitutes an unfair labor practice under §28-9.3-4 which reads:

"It shall be the obligation of the school committee to meet and confer in good faith with the representative or representatives of the negotiating or bargaining agent within ten (10) days after receipt of written notice from said agent of the request for a meeting for negotiating or collective bargaining purposes. This obligation shall include the duty to cause any agreement resulting from negotiations or bargaining to be reduced to a written contract, provided that no such contract shall exceed the term of three (3) years. Failure to negotiate or bargain in good faith may be complained of by either the negotiating or bargaining agent or the school committee to the state labor relations board which shall deal with such complaint in the manner provided in chapter 7 of this title."

bargaining table by the school committee and the bargaining agent.[2]

After stating that legal conclusion, the trial justice turned from the general to the particulars, and observed that the school committee had neither attempted to present to the financial town meeting "the precise dilemma" which had resulted from its refusal to approve the budget submitted, nor requested the convening of a special financial town meeting at which "this precise problem" could be presented for determination by the voters of the town. These omissions, he believed, could not be ignored and accordingly he denied declaratory relief without prejudice, however, to the town's right to seek that relief again if the taxpayers at a subsequent meeting refused to appropriate the funds required to implement the March 15, 1971 agreement. From a judgment incorporating those findings plaintiffs prosecuted this appeal.

The case comes to us in a posture unlike that which confronted the trial justice. Two events which have since occurred cannot be ignored. The first is that the collective bargaining agreement between committee and association terminated on August 31, 1972. The second is that a financial town meeting held subsequent to the entry of the judgment appealed from, appropriated additional funds to the school committee, thereby enabling it to meet its commitments both to the teachers and to the public school system. These were the circumstances which the association relied

---

[2]The trial justice relied on *Providence Teachers' Union Local 958* v. *School Committee*, 108 R. I. 444, 276 A.2d 762 (1971) where a dispute concerning retirement benefit provisions of an executed collective bargaining agreement was submitted to arbitration proceedings as stipulated in the grievance procedures of that agreement. One of the grounds there urged by the school committee as a defense to an award directing payment of the questioned benefits was the unavailability of appropriated funds. The court rejected that defense and held that the money due under the award was a debt of the city. *Id.* at 453, 276 A.2d at 767.

upon when, in June of this year, it moved to dismiss this action on the ground of mootness.

The more comprehensive factual background available now, but not in June, indicates that we are being asked to determine an abstract question which neither rests upon existing facts or rights, nor presents an actual and present case. The issue presented is, therefore, moot, academic or hypothetical, and will not be passed upon under our system. *Jones* v. *Aciz,* 109 R. I. 612, 618-19, 289 A.2d 44, 48 (1972); *Malinou* v. *LaFrance,* 108 R. I. 42, 271 A.2d 808 (1970); *Lauder* v. *Zoning Board,* 100 R. I. 641, 218 A.2d 476 (1966); *Johnson Wholesale Perfume Co.* v. *Blumen,* 63 R. I. 485, 489, 9 A.2d 857, 859 (1939). The principle is as applicable in an action for a declaratory judgment as it is in any other civil action. *See Goodyear Loan Co.* v. *Little,* 107 R. I. 629, 269 A.2d 542 (1970).

The plaintiffs acknowledge the rule which bars consideration of moot questions. Nonetheless they argue that this case is different, that it presents significant interests of a public character and therefore calls for a relaxation of the rule which insists upon the justiciable controversy prerequisite. The exception they invoke certainly exists. *Lamb* v. *Perry,* 101 R. I. 538, 541-42, 225 A.2d 521, 523 (1967); 1 Kent, *R. I. Civ. Prac.* §57.2 at 427. They fail to point, however, to what compelling public interests necessitate an adjudication at this time of what is no longer a real problem. Neither do they suggest that the issue raised should be decided now because, although capable of repetition, it may nonetheless evade review. *Southern Pacific Terminal Co.* v. *ICC,* 219 U. S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310, 316 (1911); *Chernov Enterprises, Inc.* v. *Scuncio,* 107 R. I. 439, 440, 268 A.2d 424, 425 (1970).

In any event, we deem it advisable to abstain at this time and thereby to afford the Legislature, which will soon convene, a prior opportunity to make clear what under

present legislation, while clear to the trial justice, is nonetheless in our judgment not entirely free of doubt . . . i.e. . . . whether and to what extent a school committee may bind a municipality to financial commitments for school purposes which cannot be satisfied from funds appropriated or otherwise available for those purposes.

The defendants' motion to dismiss is granted, the plaintiffs' appeal is denied and dismissed and the case is remanded to the Superior Court.

*Gorham & Gorham, John Gorham,* for plaintiffs.

*Urso* and *Adamo, Natale L. Urso,* for defendants.