320 A.2d 607.

JENNIE MANSOLILLO, *Executrix et al. vs.* JAMES L. TAFT, JR., *Mayor of the City of Cranston et al.*

JUNE 14, 1974.

PRESENT: Roberts, C. J., Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is a proceeding for declaratory relief and for mandamus[1] to compel the Cranston Building Inspector to issue building permits for two multifamily dwellings. The plaintiffs' applications for those permits were rejected, not because they did not meet the requirements of then-existing zoning ordinances, but because an interim ordinance imposed a moratorium on the issuance of such permits. This case was then commenced. The interim ordinance in due course expired, but not before the applicable zoning ordinances were made more rigorous by amendments which took effect before this case was heard in the Superior Court. There, a justice sitting without a jury found (1) that the city council lacked authority to enact the moratorium ordinance and (2) that the controlling zoning ordinances were those operative when the applications were presented to the building inspector, rather than when the case was heard. Accordingly, he ordered the building inspector to issue the permits. The defendants appealed.

It now appears that while the case was pending in this court on appeal, title in the subject real estate was conveyed to a third party who has intervened in this appeal. *Mansolillo* v. *Taft*, 112 R. I. 926-27, 311 A.2d 53 (1973).[2]

---

[1] We do not pass judgment on whether prayers for mandamus and declaratory relief may properly be joined. See *Shipyard Drive-In-Theatre, Inc.* v. *Scuncio*, 107 R. I. 554, 268 A.2d 820 (1970).

[2] Relief in any event being denied, it is unnecessary for us to consider whether our order granting intervention *on appeal* was improvidently granted. See 3B Moore, *Federal Practice* ¶24.13[1] at 24-258 n.19 (2d ed. 1974).

That party has since commenced construction under permits applied for and granted under the amended ordinance. By reason thereof, entitlement to the permits applied for under the preamendment ordinances has ceased to be a justiciable question and does not merit our consideration. *Anderson* v. *Kirshenbaum,* 109 R. I. 233, 283 A.2d 676 (1971); *Johnson Wholesale Perfume Co.* v. *Blumen,* 63 R. I. 485, 489, 9 A.2d 857, 859 (1939).

There remains for consideration Winsor Realty Co.'s motion to intervene, which was granted by us after the case was docketed in this court. *Mansolillo* v. *Taft,* 112 R. I. 902-03, 307 A.2d 542 (1973). Our action was premised upon Winsor's representation that the Cranston building inspector had denied its application for a building permit to erect a multifamily dwelling for the same reasons that prompted the inspector's rejection of the plaintiffs' applications. It now appears that our order authorizing that intervention was improvidently granted and must be rescinded. This is so, because Winsor's only interest in this case was the possible adverse stare decisis effect of any judgment on the merits that might be entered herein. On the view we take of this case, the protection of that interest, rather than requiring intervention, merited at most only permission to participate in the proceedings by the filing of an amicus curiae brief. *See State ex rel. Montaquila* v. *Avery,* 90 R. I. 305, 157 A.2d 886 (1960). We have considered the intervenor's brief in that light.

The defendants' appeal is sustained, the judgment appealed from is reversed pro forma, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Paolino did not participate.

*Pat Nero,* for plaintiffs.

*Peter Palombo, Jr.,* City Solicitor, for defendants.