373 A.2d 1193.
ROSCITI CONSTRUCTION, INC. *vs.* LESLIE D. LEMIEUX,
*Director, Division of Purchasing,*
*State of Rhode Island et al.*

MAY 24, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. In March 1975, the plaintiff, Rosciti Construction, Inc. (Rosciti), instituted this action, in which it sought equitable relief against the State Purchasing Agent and Fanning & Doorley Construction Co., Inc. (Fanning & Doorley). At the conclusion of a nonjury trial in the Superior Court, a judgment was entered en-

joining the purchasing agent from awarding a contract calling for the installation of sidewalks and curbing along Knotty Oak Road in Coventry to anyone but Rosciti. Fanning & Doorley appealed.

The record indicates that on February 19, 1975 the state extended an invitation to several contractors to bid on the Knotty Oak Road project. Subsequent to the initial invitation the state supposedly mailed to the invitees an addendum dated March 4, which called for the installation of an additional 140 lineal feet of curbing. When the bids were opened, Rosciti appeared to be the successful bidder, with Fanning & Doorley being the next lowest bidder. There was a spread of approximately $10,000 between the two bids. Subsequent to the bid opening it was discovered that Rosciti's bid had failed to provide for the March addendum. On April 7, the purchasing agent made it known that he was about to disqualify Rosciti's bid and award the contract to Fanning & Doorley. Once Rosciti learned of this development, this litigation began.

At the Superior Court hearing, evidence was presented which indicated that two of the invitees, including Rosciti, never received the supplementary proposal and that the third contractor received the addendum after the bids were opened. The trial justice, in granting the injunctive relief, attributed the mail mixup to "carelessness and failure in the Purchasing Office." At some point in the negotiations Rosciti offered to install the additional curbing at cost. This figure amounted to another $3,500. The trial justice noted that, even with this additional figure, Rosciti's bid was still lower than that of Fanning & Doorley by some $6,000.[1]

---

[1] The injunction that was issued was framed in the alternative so that the purchasing agent could either award the contract to Rosciti at its bid price of $149,806.80 or its bid price plus $3,500.

When Rosciti filed its brief in this court, it pointed out that the purchasing agent had awarded the contract to Rosciti, that the work had been performed to the satisfaction of the state, and that the payment had been made in full. In the light of this information we issued an order directing Fanning & Doorley to appear before us on April 11, 1977 to show cause why its appeal should not be dismissed on the ground of mootness. A show cause hearing was held on the scheduled date. Counsel for both Rosciti and Fanning & Doorley appeared and argued the pros and cons of dismissal.

It is obvious that at this point in time we are being asked to determine an abstract question which rests neither on existing facts nor rights, since the enjoining of the contract has ceased to be a justiciable question. *Mansolillo* v. *Taft*, 113 R.I. 320, 320 A.2d 607 (1974); *Town of Scituate* v. *Scituate Teachers' Ass'n*, 110 R.I. 679, 296 A.2d 466 (1972); *Anderson* v. *Kirshenbaum*, 109 R.I. 233, 283 A.2d 676 (1971); *Johnson Wholesale Perfume Co.* v. *Blumen*, 63 R.I. 485, 9 A.2d 857 (1939). Accordingly, the issue being presented is moot, hypothetical, and should not be passed upon.

There are exceptions to this rule. We have recognized that there are occasions when compelling public interest may dictate an adjudication of what is no longer a real problem, *Lamb* v. *Perry*, 101 R.I. 538, 225 A.2d 521 (1967), or there are issues which should be decided because they are capable of repetition but nonetheless escape review, *School Comm.* v. *Westerly Teachers Ass'n*, 111 R.I. 96, 299 A.2d 441 (1973). However, Fanning & Doorley have failed to persuade us that either exception is applicable to its appeal.

No cause having been shown, Fanning & Doorley's appeal is denied and dismissed.

*Letts, Quinn & Licht, Frank Licht, Richard A. Licht,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *J. Peter Doherty,* Special Asst. Attorney General, *Aram A. Arabian,* for defendants.