389 A.2d 728.

JOSEPH L. JACINTO *et al. v.* JEROME P. EGAN *et al.*

JOSEPH L. JACINTO *et al. v.* JEROME P. EGAN *et al.*

AUGUST 3, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   On November 26, 1976, this court issued a writ of certiorari to review a judgment of the Superior Court sustaining the appeal of the respondents from an arbitrator's award pursuant to G.L. 1956 (1968 Reenactment) §28-9.3-12, and to examine an order of the Superior Court denying petitioners' motion to dismiss the complaint. The petition for the writ was consolidated with an appeal which was also filed by the petitioners.

The petitioners are the Cumberland Teachers Association (the asssociation) and its president, Jerome P. Egan, and secretary M. Jeanne Blais. The respondents are members of the Cumberland School Committee (the school committee).

On September 2, 1974, the parties entered into a collective

bargaining agreement effective during the years 1974-76 (agreement). Pursuant to this agreement, in 1975 the parties reopened negotiations regarding contractual terms for the 1975-76 school year. Unable to agree on various issues, however, they submitted to aribitration. On August 25, 1975, an award was rendered in favor of the association, but the school committee refused to accept those portions of the award relating to salaries and a sick leave bank.[1] On September 2, 1975, the association declared a strike.

On September 11, 1975, as a result of additional state aid, the school committee agreed to the salary scale outlined in the arbitrator's award, and, 2 days later, entered into a formal agreement with the teachers' association as evidenced by a document entitled "September 13, 1975 Memo of Understanding" (memo). By the terms of the memo the arbitrator's award *"in its entirety"* (emphasis added) was to be incorporated into contractual language for the 1975-1976 association/ school committee agreement subject, however, to the following reservation:

> "The Cumberland School Committee, however, rejects the arbitrators ruling as to Article XIX, A, 3 (sick Leave Bank) and reserves its right in accordance with the provision of the Teachers Arbitration Act of 1968 (Michaelson Act) General Laws 28-9.3-12. The School Committee shall take an appeal on or before Oct. 28, 1975."

On October 21, 1975, pursuant to a reservation of its rights in the memo, the school committee appealed the award via §28-9.3-12 to the Superior Court. Additionally, in accordance with the terms of the memo, the parties on November 13, 1975, executed another contract amending the 1974-76 agreement and specifically incorporating the entire arbitration award. Following the execution of this second contract,

---

[1] A "sick leave bank" is a system whereby each teacher contributes a specified number of his or her sick leave days per year to a so-called bank which can be drawn upon for the benefit of teachers suffering prolonged illnesses.

the association filed a "motion to dismiss" the school committee's appeal on the ground of mootness. The motion was denied without prejudice by a justice of the Superior Court who also ordered the association to file an answer to the school committee's complaint.

The association then filed an answer and a counterclaim requesting the issuance of a writ of mandamus directing the school committee to comply with the sick leave bank provision. On September 20, 1976, a Superior Court justice sustained the school committee's appeal and denied the association's counterclaim.

According to the record, the agreement out of which the instant dispute arose terminated on June 30, 1976. Although we have held that under normal circumstances, questions concerning the validity and enforceability of collective bargaining agreements for an expired school year are moot, *Town of North Kingstown* v. *North Kingstown Teachers Association,* 110 R.I. 698, 297 A.2d 342 (1972); *Town of Scituate* v. *Scituate Teachers' Association,* 110 R.I. 679, 296 A.2d 466 (1972), there are, however, two exceptions to this rule: (1) when the parties stipulate that "identical legal questions" apply to the present agreement as well as to the earlier contract, *Town of North Kingstown* v. *North Kingstown Teachers Association, supra* at 700 n.1, 297 A.2d at 343 n.1, or (2) when the court finds that the question is of significant public interest or that similar occurrences may evade review in the future. *Town of Scituate* v. *Scituate Teachers' Association, supra* at 684, 296 A.2d at 469.

In the instant case, the foregoing extraordinary circumstances are absent. Therefore, we are of the opinion that the issues raised by the petitioners are moot. *American Association of University Professors* v. *Board of Regents,* 118 R.I. 216, 373 A.2d 168 (1977).

The petitioners' appeal is denied and dismissed. The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the record certified to us is

ordered returned to the Superior Court with our decision endorsed thereon.

*Manning, West, Santaniello & Pari, V. James Santaniello,* for Cumberland School Committee.

*Natale L. Urso, Barry N. Capalbo,* for Cumberland Teachers Association.