320

207 A.2d 380.

JOSEPH C. EVANS *vs.* HAROLD V. LANGLOIS, *Warden.*

FEBRUARY 26, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is a petition for a writ of habeas corpus directed to the warden of the adult correctional institutions where the petitioner is presently confined pursuant to a sentence imposed by a justice of the superior court after the petitioner had pleaded nolo contendere to indictment No. 32426 charging him with entering a dwelling with intent to commit larceny.

It appears from the record that indictment No. 32426 was returned by the December 1963 grand jury; that on February 5, 1964 petitioner was arraigned before Mr. Jus-

tice Carrellas in the superior court, pleaded not guilty and gave bail in the sum of $1,000; that on March 26, 1964 he appeared before Mr. Justice Jalbert, pleaded nolo contendere, and the case was continued for sentence; that on May 12, 1964, a capias was ordered and issued by Mr. Justice Jalbert; and that on June 8, 1964 petitioner appeared before Mr. Justice Jalbert and was sentenced on his plea of nolo contendere on indictment No. 32426 to eighteen months in the adult correctional institutions.

The petitioner alleges in substance that on June 8, 1964 the trial justice did not have before him, nor refer to, any presentence report before imposing sentence in compliance with the provisions of G. L. 1956, §12-19-6; that compliance therewith is mandatory where a sentence of more than one year may be imposed; that he was sentenced in violation thereof; and that in the circumstances he has been deprived of due process of law in violation of his rights under art. I, §10, of our state constitution and of the due process clause of art. XIV of amendments to the constitution of the United States.

The petitioner raises no issue in this proceeding involving his rights to counsel. In fact he states in his brief that he voluntarily waived his right to be represented by counsel on June 8, 1964, when sentence was imposed on him. His prayer that he be released from custody is based solely on his claim that he is illegally imprisoned because of the alleged violation of §12-19-6:

> "Whenever an accused has been found guilty after trial or shall plead guilty or nolo contendere on any charge for which a sentence of more than one (1) year may be imposed, the court shall, before imposing sentence, have presented to him by the administrator of probation and parole a presentence report, which report shall show that inquiry has been made into the circumstances of the offense, the attitude of the complainant or victim, and of the victim's family where possible, in cases of homicide, and the criminal record,

social history and present condition of the defendant and any other pertinent information or recommendations as may be helpful in aiding the court in its consideration of the sentence to be imposed. All local and state police agencies shall furnish to the administrator of probation and parole such criminal records as the administrator may request. A copy of said report shall also be furnished to the attorney general so that he may be aided in making a recommendation to the court as to the sentence to be imposed."

The return filed by respondent in substance denies that petitioner is being detained unlawfully and states that petitioner has been committed and is being detained in his custody according to law. A copy of the mittimus issued by the superior court on June 8, 1964 is attached to the return and made a part thereof.

In support of the averments in the return respondent states in his brief that petitioner was represented by counsel in the superior court appearances on February 5, 1964 and on March 26, 1964; that on March 26, 1964 petitioner pleaded nolo contendere to the indictment; and that the matter was thereupon continued for a presentence report to April 22, 1964 and petitioner was released on his original bail.

The respondent further states that on April 6, 1964 the March 1964 grand jury returned indictment No. 32650 charging petitioner with breaking and entering in the nighttime with intent to commit larceny; that after petitioner's failure to appear in connection with indictment No. 32650, a capias was ordered issued for his apprehension by the superior court on April 8, 1964; that the presentence report in connection with indictment No. 32426 was prepared and submitted to the superior court on April 20, 1964; that on April 22, 1964 petitioner failed to appear in the superior court in connection with indictment No. 32426; that the case was thereupon continued until May 12, 1964 when petitioner again failed to appear; and that thereupon the

superior court ordered an additional capias to be issued for his apprehension.

The respondent further states that pursuant to the capiases that had been issued, petitioner was subsequently apprehended and brought before Mr. Justice Jalbert on June 8, 1964; that he waived his right to be represented by counsel; that he was then sentenced to the adult correctional institutions for a period of eighteen months on indictment No. 32426; and that the court deferred sentence on indictment No. 32650.

The petition involved in the case at bar relates solely to indictment No. 32426. The cause was heard by this court on December 4, 1964 at which time petitioner was represented by counsel. The respondent was given permission by the court to file a brief. We have respondent's brief. The petitioner's counsel stated to the court that he might also file a brief. We have received no additional brief from petitioner or his counsel.

The respondent has complied with the provisions of §10-9-8 in filing a return to the writ. We believe, however, that orderly procedure would be better served if respondent had included in such return the statements of fact which appear in his brief. See *Kimball* v. *Pelosi*, 96 R. I. 429, 192 A.2d 267. In the interests of justice we shall treat respondent's brief as a part of his return and for the same reason we shall treat petitioner's brief as a denial of the facts alleged by respondent and as appropriate pleading in response thereto in compliance with §10-9-17. See *Kimball* v. *Pelosi, supra.*

On the basis of the record before us we do not reach the constitutional issues raised by petitioner. The respondent's statement that a presentence report was prepared and submitted to the superior court on April 20, 1964 is uncontradicted. There is no proof in this record that the superior court did not have such a report on June 8, 1964 when petitioner was sentenced. See *Powers* v. *Langlois,*

324

90 R. I. 45, 50, where the court said in referring to presentence reports that it must be assumed, in the absence of proof to the contrary, that in imposing sentence "the court proceeded according to law" and that the petitioner in that case took nothing from his contention that the court sentenced him without a presentence report.

The petitioner states in his petition "nor did the court make any reference to a presentence report * * *." The short answer to this is that there is nothing in the statute requiring the court to do so. As the court said in *Knowles* v. *Langlois*, 90 R. I. 445, 447, "the sole purpose of the section is to aid the court in the exercise of its exclusive power to sentence and not to restrict or limit such power. On no reasonable view of its language does it submit to the construction for which petitioner contends, namely, that it confers a new right in his favor in the nature of due process." See also *Harris* v. *Langlois*, 98 R. I. 387, 202 A.2d 288, 291.

The decisive issue raised by the petitioner in the case at bar is his claim that the court had not been supplied a presentence report at the time of his sentencing. As we have previously stated this claim is not supported by the record. In our opinion there has been compliance with the provisions of §12-19-6. In the circumstances it becomes unnecessary to determine whether such provisions confer a mandatory right in favor of the petitioner. The sentence pursuant to which he is confined is valid and not in violation of the constitutional rights upon which he relies.

The petition is denied and dismissed, the writ of habeas corpus hereto issued is quashed, and the petitioner is remanded to the custody of the respondent.

*Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Francis A. Kelleher,* Assistant Attorney General, for respondent.