218 A.2d 476.

GEORGE LAUDER *vs.* ZONING BOARD OF THE TOWN OF WESTERLY *et al.*

APRIL 14, 1966.

PRESENT: Roberts, C. J., Paolino; Powers and Joslin, JJ.

JOSLIN, J. This petition for certiorari was brought to review a decision of the zoning board of the town of Westerly denying an appeal from the issuance of a building permit by the zoning and building inspectors of that town authorizing Rebekah West Harkness to erect a portable stage on her premises located in an R-1 Watch Hill Residential District. The writ issued and pursuant thereto the pertinent records have been certified to this court.

It appears that the permit which issued on July 3, 1965 authorized the erection of "a stage for private ballet rehearsals" and directed the "stage to be removed in September 1965." The appeal by neighboring landowners from the granting of the permit was heard before the zoning board on August 11 and 25, 1965, and was decided by it on October 2, 1965. Pending that appeal and the board's decision the applicant constructed the stage and used it for rehearsals by the Harkness Ballet, a troupe which was under the sponsorship of the Rebekah Harkness Foundation, a charitable organization. By the time the decision of the zoning board was rendered the permit had expired and the Harkness Ballet had departed from Westerly.

Without reaching the substantial question of whether the board abused its discretion, we are of the opinion that the writ heretofore issued should be quashed.

It is fundamental in our system that we will not spend our time passing on moot, academic, abstract, or hypothetical issues, and that we will not review a case on certiorari or other prerogative writ if our mandate would be of no assistance to the party seeking our assistance because what he asks for has already been done. *Richardson* v. *McChesney,* 218 U. S. 487; *Jones* v. *Montague,* 194 U. S. 147; *Marchand* v. *Tellier,* 74 R. I. 66; *Kimball* v. *Pelosi,* 96 R. I. 429, 192 A.2d 267; *Goldwater* v. *Superior Court,* 49 Ariz. 260, 66 P.2d 233; *Spinato* v. *Lowe,* 239 La. 604; *Monteiro* v. *Selectmen of Falmouth,* 328 Mass. 391; *Hanson* v. *Meyers,* 54 Wash. 2d 724.

Here the permit authorizing the construction of a stage expired by its terms in September 1965 and petitioner, prior to coming here, had to all intents and purposes obtained the same relief which he would be entitled to were we to quash the record. While the short-term nature of the permit which was granted and the inordinate and unexplained delay of the respondent board in passing on its propriety will under our opinion have the practical effect of allowing the decision to escape judicial review on the merits, at least by the method of review petitioner has elected, the problem raised is not so affected with the public interest as will justify a departure from the rule that we will decide only actual controversies. *Southern Pacific Terminal Co.* v. *Interstate Commerce Comm'n,* 219 U. S. 498, 514.

In the circumstances, we cannot undo what has already been undone and the real controversy having already been resolved we will not decide the case even though our opinion might influence future actions in like circumstances.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered sent back to the respondent board with our decision endorsed thereon.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for petitioner.

*Michael A. Santoro* for respondent Zoning Board.

*Harold B. Soloveitzik, Matthew L. Lewiss,* for applicant.