326 A.2d 857.

BARBARA TAMBORELLI *vs.* RICHARD K. AMAZINE *et al.*

OCTOBER 22, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. The plaintiff Barbara Tamborelli, an occupant of premises owned by the defendants Ray E. and Mary E. Negley, brought a civil action in the Superior Court to enjoin the Negleys' utilization of self help to evict her from the premises. The plaintiff brought this action for equitable relief based upon P. L. 1970, ch. 7, sec. 3, now G. L. 1956 (1969 Reenactment) §34-18-17. The Superior Court granted a preliminary injunction whereupon the defendants, Ray E. and Mary E. Negley, appealed to this court pursuant to §9-24-7 and Super. R. Civ. P. 73.

The only question raised by this appeal is whether the trial justice erred in granting the preliminary injunction. We do not reach this question, however, for the reasons that follow.

720 

During oral argument counsel informed the court that plaintiff no longer occupied the premises involved in this action, plaintiff having vacated the same shortly after the entry of the preliminary injunction in the Superior Court. The plaintiff's counsel then made an oral motion to dismiss this appeal on the ground of mootness.

Since the plaintiff has vacated the subject premises, we think that the issue raised by this appeal is moot. There is nothing left for this court to decide in the present appeal. On numerous occasions we have declined to pass on moot questions in the absence of extraordinary circumstances. *Town of Scituate* v. *Scituate Teachers' Ass'n,* 110 R. I. 679, 296 A.2d 466 (1972); *Lauder* v. *Zoning Bd. of Review,* 100 R. I. 641, 218 A.2d 476 (1966); *Kimball* v. *Pelosi,* 96 R. I. 429, 192 A.2d 267 (1963). We find no extraordinary circumstances here to warrant any exception.

The plaintiff's motion to dismiss the instant appeal is granted without prejudice to any other question pending in this case in the Superior Court. The papers are ordered sent back to the Superior Court for further proceedings.

*Nathan Spungin,* for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendants.