373 A.2d 168.

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,
UNIVERSITY OF RHODE ISLAND CHAPTER *et al. vs.*
BOARD OF REGENTS FOR EDUCATION.

MAY 10, 1977.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This controversy concerns the meaning and intent of certain provisions of the Appropriation Act for Fiscal Year 1975-76, P.L. 1975, ch. 260 (the Budget), specifically as it relates to the plaintiffs. The four plain-

tiffs are associations or labor organizations which act as the collective bargaining agents for the faculty or staff or professional employees who are employed at either the University of Rhode Island, Rhode Island College, or the Rhode Island Department of Education. All of the aforesaid faculty, staff, or employees are designated under the appropriate statute as "nonclassified"[1] state employees. General Laws of 1956 (1969 Reenactment) §16-31-12. The General Assembly, in approving the 1975-76 Budget, provided for a salary adjustment fund, but specified that none of the fund would be available for "salary changes negotiated through the collective bargaining process * * * subsequent to July 1, 1975; and provided, further, that any and all such negotiations are not to commit the state to expenditures prior to July 1, 1976 in support of employee salary and/or monetary benefits changes." The Board of Regents maintained that this language precluded them from negotiating with plaintiffs any salary or fringe benefit changes prior to July 1, 1976. The plaintiffs argued before the Superior Court that this limitation applied only to "classified" and "unclassified" employees of the state. The trial justice disagreed. He ruled that it also applied to the "nonclassified," and plaintiffs instituted this appeal.

According to counsel's briefs and their oral arguments before us, the Board of Regents has entered into new collective bargaining agreements covering fiscal 1975-76 with all four plaintiffs. Said contracts run until June 1977.

---

[1]Employee positions within the State of Rhode Island, unless specifically exempted, are covered by the merit system and are designated as either *classified* or *unclassified*. General Laws 1956 (1969 Reenactment) §36-4-1 et seq. Positions listed within §36-4-2(a)-(t) inclusive are designated as *unclassified*. Section 36-4-2. All other positions covered by the merit system are designated as *classified*. Section 36-4-2. *Nonclassified* positions are those which are not covered by the merit system such as employees of the Legislature (excluded by §36-4-2.1) and teachers and research employees of the state colleges (excluded by §16-31-12).

218

Thus, the issues raised by this appeal are moot. In the absence of extraordinary circumstances,[2] we shall not rule on such cases. *Tamborelli* v. *Amazine,* 113 R.I. 719, 326 A.2d 857 (1974); *Town of Scituate* v. *Scituate Teachers' Ass'n,* 110 R.I. 679, 296 A.2d 466 (1972); *Lauder* v. *Zoning Bd.,* 100 R.I. 641, 218 A.2d 476 (1966).

The plaintiffs' appeal is denied and dismissed, and the case is remanded to the Superior Court.

Mr. Chief Justice Bevilacqua did not participate.

*Abedon, Stanzler, Biener, Sklonik and Lipsey, Richard A. Skolnik,* for plaintiffs.

*William G. DeMagistris, Howard R. Haronian,* for defendant.

---

[2]Such circumstances, for example, could be found in those instances where you have a recurring situation constantly escaping judicial review. *See e.g., Chase* v. *Burns,* 114 R.I. 485, 335 A.2d 334 (1975); *Homart Development Co.* v. *Fein,* 110 R.I. 372, 293 A.2d 493 (1972). Here there is no indication that the Legislature has passed or intends to pass similar legislation. Moreover, even were we to decide that the trial justice's ruling was erroneous, it would avail the plaintiffs nothing in light of their existing contract. *See Lauder* v. *Zoning Bd.,* 100 R.I. 641, 218 A.2d 476 (1966).