DECISION
Before this Court is the defendant's, State of Rhode Island's, motion to dismiss plaintiff's complaint pursuant to R.C.P. 12(b) (6).
On July 18, 1995, this Court conducted a hearing at which the parties presented oral arguments concerning the aforementioned motion. Defendant argued in support of its motion to dismiss that G.L. 1956 (1990 Reenactment) § 36-4-2.1, Exemption from Merit System, specifically excludes employees of the legislative department from the provisions of the Merit System, and thus, plaintiff is not entitled to the benefits of § 36-4-59, the tenure in state service provisions of the Merit System Act. Alternatively, plaintiff argued that, having achieved "full status" under § 36-4-59 by being employed by the state for over 20 years, he was enabled to retain employment within state service in a position of similar grade after being laid off on January 11, 1994, as a legislative aide.
Section 36-4-59 states in pertinent part that
 Tenure in state service. — Every person who shall have twenty (20) years, not necessarily consecutive, of service credit, the credits having been earned in either the classified, nonclassified, or unclassified service of the state or a combination of both, shall be deemed to have acquired full status in the position he or she holds at the time of obtaining such twenty (20) years of service credit.
 * * *
 . . . and shall be protected by the provisions of this chapter, provided, however:
 (2) That in case of layoff or the abolition of a position through reorganization or otherwise, any person in that position or subject to layoff, who has full status, otherwise qualified under this section, shall be retained within the state services in a position of similar grade;
Nevertheless, § 36-4-2.1 of the Merit System Act states that
 Exemptions from merit system. — The appointment, promotion, salaries, tenure, and dismissal of employees of the legislative department shall not be subject to control in any manner or degree by the personnel administrator, or by any other officer or board of the executive branch of government.
The plaintiff contends that the language of § 36-4-2.1 does not support the conclusion that all legislative employees are exempt from the Merit System Act. This Court disagrees.
Our Supreme Court has stated that employees of the Legislature are not covered by the Merit System as they are excluded by § 36-4-2.1. American Ass'n Etc. v. Bd. of Regents,118 R.I. 216, 217 n. 1, 373 A.2d 168, 168 (1977). Moreover, the clear and unambiguous language of the aforementioned statute states that ". . . the tenure and dismissal of employees of the legislative department shall not be subject to control . . . by the personnel administrator." § 36-4-2.1. Since the personnel administrator is the individual responsible for enforcing the Merit System, it was clearly the legislature's intent to exempt its employees from the Merit System by enacting § 36-4-2.1.
For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint pursuant to R.C.P. 12(b) (6) is granted.
Counsel shall prepare the appropriate order for entry.