Jeffrey J. GIBBONS

v.

STATE of Rhode Island.

No. 95–729–Appeal.

Supreme Court of Rhode Island.

April 28, 1997.

Thomas J. Liguori, Jr., Westerly, for Plaintiff.

Linda Duva, Special Asst. Attorney General, Aaron Weisman, Asst. Attorney General, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

The plaintiff, Jeffrey J. Gibbons (Gibbons), appeals from an order dismissing his com-plaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. For twenty-three years, Gibbons had been employed by the defendant, the State of Rhode Island (state), as a legislative aide within the division of the legislative council. On January 11, 1994, he was terminated from his job after being notified that his services would no longer be required because of a reorganization of the General Assembly's staff.

Gibbons then filed a complaint in Superior Court against the state, alleging that the state had violated his rights to the benefits of a "full status" employee that are provided for in G.L.1956 § 36–4–59 for persons who have been employed in the state's service for more than twenty years. In particular § 36–4–59(a)(2) provides that "in case of layoff or the abolition of a position through reorganization or otherwise, any person * * * who has full status * * * shall be retained within the state services in a position of similar grade." Gibbons also claimed that he had been given a certificate showing that he had attained full status in his job and that state personnel records also reflected this achievement. Thus he claimed he enjoyed a property right in his job that had been taken from him by his dismissal.

The state moved to dismiss, relying on § 36–4–2.1. That law, which is entitled "Exemptions from merit system," provides:

"The appointment, promotion, salaries, tenure, and dismissal of employees of the legislative department shall not be subject to control in any manner or degree by the personnel administrator, or by any other officer or board of the executive branch of government."

The motion justice agreed with the state's position and entered an order dismissing Gibbons's complaint. After Gibbons appealed, we directed both parties to show cause why we should not decide this matter summarily. After hearing their oral arguments, considering their legal memoranda, and reviewing the record, we conclude that no cause has been shown and therefore proceed to resolve the appeal at this time.

■ We agree with the motion justice that § 36–4–2.1 effectively exempts Gibbons and

other employees of the legislative branch from the state's merit system. Indeed, we acknowledged as much in *American Association of University Professors, University of Rhode Island Chapter v. Board of Regents for Education*, 118 R.I. 216, 217 n. 1, 373 A.2d 168, 168 n. 1 (1977), when we stated:

> "Employee positions within the State of Rhode Island, unless specifically exempted, are covered by the merit system and are designated as either *classified* or *unclassified.* * * * Nonclassified positions are those which are not covered by the merit system such as employees of the Legislature (excluded by § 36–4–2.1)* and teachers and research employees of the state colleges (excluded by § 16–31–12)." (Emphases added.)

If Gibbons could qualify for the full-status protection afforded by § 36–4–59, his position as a legislative-branch employee would then be covered by the merit system and subject to the control of those executive-branch boards and officials that administer that system. But such an interpretation of § 36–4–59 would directly contradict the provisions of § 36–4–2.1. Moreover, under § 36–4–59(a)(4), full-status state employees with twenty years of service credit are nonetheless "subject to all of the provisions of dismissal and appeal as elsewhere described in this chapter." But § 36–4–2.1 expressly states that "dismissal of employees of the legislative department shall not be subject to control in any manner or degree" by the executive branch's officers, boards, and administrators who implement the merit system's provisions. Thus, as an employee of the legislative branch of state government, Gibbons cannot both be "subject to all of the [merit system's] provisions of dismissal and appeal" per § 36–4–59(a)(4) and yet still be exempt from the control of any of the boards and personnel who administer that system per § 36–4–2.1. Given the irreconcilable conflict that such an interpretation produces, we believe the correct reading of these laws is that as an employee of the legislative branch,

Gibbons was *not* entitled to the benefits and protections of the state's merit system, including the full-status benefits enjoyed by nonexempt state employees with at least twenty years of service.

We reach this conclusion because § 36–4–2.1 is a later-enacted special provision that applies only to employees of the legislative branch. Thus it takes precedence over § 36–4–59, a conflicting, earlier-enacted statute of general application covering all state employees.[1]

Finally, although Gibbons claims that he received a certificate from the state informing him that he had acquired full status (thereby indicating to him that he was subject to and protected by the provisions of § 36–4–59 of the state's merit system) and that his "personnel action form" with the state reflects his full-status achievement, such facts, even if they were proven to be true, cannot convert him into an employee who would be legally entitled to the benefits of the merit system when, according to law, his type of legislative employment has always been exempt from that system after § 36–4–2.1 was enacted. Accordingly, Gibbons was not entitled to rely on any certificate or other personnel record that might have suggested otherwise. *Cf. Technology Investors v. Town of Westerly*, 689 A.2d 1060, 1062 (R.I.1997) (refusing to apply the doctrine of equitable estoppel to ultra vires acts of government officials).

For these reasons we deny and dismiss Gibbons's appeal, affirm the order dismissing his complaint, and remand the papers of this case to the Superior Court.

---

1. *See* G.L.1956 § 43–3–26:

   "Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision."