DECISION
This matter is before the Court on James F. Hackett's (plaintiff) verified complaint seeking a writ of mandamus and a declaratory judgment. The plaintiff requests this Court to order the Joint Committee on Legislative Services, its chairmen John B. Harwood and Paul S. Kelly and its director Richard M. Carroll (defendants), to reinstate the plaintiff to his former position as Director of Legislative Data Systems. The plaintiff also requests this Court to declare that he is entitled to "full status" benefits. Jurisdiction is pursuant to § 8-2-16 and §9-30-1 et seq.
 Facts/Travel
The plaintiff served as Director of Legislative Data Systems for the Joint Committee on Legislative Services in the General Assembly. In January 1993, the plaintiff was laid off from this position. Thereafter, the plaintiff requested the Personnel Administrator to grant him "full status" benefits under § 36-5-7. Section 36-5-7 confers "full status" to any honorably discharged veteran who has completed at least fifteen years of employment with the State of Rhode Island. In the case of a layoff, a veteran with "full status" must be "retained within the state services in a position of similar grade . . . ." § 36-5-7 (a)(2). The Personnel Administrator denied the plaintiffs application for "full status" benefits. The plaintiff appealed the Personnel Administrator's decision to the Administrator of Adjudication.
On October 28, 1993, the Administrator of Adjudication found that the plaintiff possessed "veteran's full status," entitling the plaintiff to his former position or another position at a similar grade. The Administrator of Adjudication also awarded the plaintiff back pay. (Plaintiff's Exhibit A). The Department of Administration filed an appeal of the Administrator of Adjudication's decision to the Superior Court. The Superior Court dismissed the action for the failure of the Department of Administration to file its complaint in a timely manner. (Plaintiff's Exhibit B). The Department of Administration also appealed the Administrator of Adjudication's decision to the Personnel Appeal Board.
Prior to the Personnel Appeal Board's hearing, defendant Joint Committee on Legislative Services filed a motion to dismiss the proceedings before the Board. On April 11, 1994, the Personnel Appeal Board granted defendant Joint Committee on Legislative Services' motion to dismiss. The Personnel Appeal Board found that the Board did not have jurisdiction over any employees of the Legislature. (Plaintiff's Exhibit C). The Personnel Appeal Board in essence recognized that the plaintiff did not qualify for the "full status" designation. (Plaintiff's Exhibit C). Since the Personnel Appeal Board decision, the defendants have continued to refuse to reinstate the plaintiff to his former position or one of similar grade.
The plaintiff filed the instant action on March 20, 1995 seeking a writ of mandamus and declaratory judgment. The plaintiff asks this Court to order the defendants to comply with the Administrator of Adjudication's decision and reinstate the plaintiff to employment with the State of Rhode Island. The plaintiff also asks this Court to declare that the plaintiff holds "full status" as specified under § 36-5-7 and is entitled to be retained as a Rhode Island State employee at a similar grade as his previous position.
 Standards For Mandamus and Declaratory Judgment
"The issuance of a writ of mandamus is discretionary, but this discretion must be exercised in accordance with well-settled principles." Wood v. Lussier, 416 A.2d 690, 693 (R.I. 1980). "It is generally well established that a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law." Gormally v. Cannon, 119 R.I. 771,383 A.2d 582, 585 (1978). A writ of mandamus is usually denied where such a legal right is uncertain or doubtful. Id.
A declaratory judgment may be either affirmative or negative in form and such declaration shall have the effect of a final judgment. § 9-30-1. "The decision to grant or deny declaratory relief under the Uniform Declaratory Judgments Act is purely discretionary." Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997).
 Legislative Employees Exemption
The plaintiff argues that he is entitled to "full status" as he has complied with the provisions of § 36-5-7. The plaintiff states that the Administrator of Adjudication specifically found that the plaintiff was a veteran and had more than 15 years of state service. The plaintiff argues that he is entitled to enforcement of the Administrator of Adjudication's decision which ordered the reinstatement of the plaintiff as an employee of the state. The defendant counters that § 36-4-2.1 specifically exempts legislative employees from the state's "merit system" rules. Therefore, the defendant argues that the plaintiff, as an employee of the General Assembly, is not entitled to the "full status" designation. The defendant argues that the Personnel Administrator and Administrator of Adjudication do not even have jurisdiction to consider the plaintiffs application. The defendant also points out that § 36-4-2.1 is a special provision which prevails over the more general provisions of § 36-5-7. Additionally, the defendant argues that the plaintiffs service in the National Guard does not qualify the plaintiff for "veteran's status."
"The appointment, promotion, salaries, tenure, and dismissal of employees of the legislative department shall not be subject to control in any manner or degree by the personnel administrator, or by any other officer or board of the executive branch of government." Section 36-4-2.1. Section "36-4-2.1 effectively exempts . . . employees of the legislative branch from the state's merit system." Gibbons v. State, 694 A.2d 664, 665 (R.I. 1997). In Gibbons, our Supreme Court found that the plaintiff Gibbons, as a legislative aide, was not subject to the provisions of § 36-4-59 which allowed "full status" after 20 years of service, because § 36-4-2.1 constituted a special provision which is construed as an exemption to the general provisions of § 36-4-59. Id. The Supreme Court wrote: "We believe the correct reading of these laws is that as an employee of the legislative branch, Gibbons was not entitled to the benefits and protections of the state's merit system, including the full-status benefits enjoyed by nonexempt state employees with at least twenty years of service." Id. The Supreme Court also found that under § 36-4-59 (a)(4) "twenty years of service credit are nonetheless `subject to all of the provisions of dismissal and appeal as elsewhere described in this chapter.'"Id. This provision gave further weight to the court's conclusion that § 36-4-2.1 constitutes an exemption from § 36-4-59. dismissal and appeal as elsewhere described in this chapter.'"Id. This provision gave further weight to the court's conclusion that § 36-4-2.1 constitutes an exemption from § 36-4-59.
Similarly, for the instant case, § 36-4-2.1 operates as an exemption from the general provisions of § 36-5-7. Like § 36-4-59
(a)(4), § 36-5-7 (a)(4) also states "[t]hat all employees otherwise qualified under this section shall be subject to all of the provisions of dismissal and appeal as elsewhere described in this chapter." The plaintiff, as an employee of the legislative branch (General Assembly), is exempted by the provisions of §36-4-2.1 from receiving the "full status" benefits of § 36-5-7. The holding of Gibbons applies with equal force to the instant case.
Accordingly, this Court declares that employees of the legislative branch are not part of the merit system under the current statutory scheme. Furthermore, for the reasons herein specified, the plaintiffs request for the issuance of a writ of mandamus is denied.
Counsel shall prepare the appropriate order for entry.